15-2248
*National Fire Insurance Company v. E. Mishan & Sons, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand and sixteen.

PRESENT: ROBERT D. SACK,
                RICHARD C. WESLEY,
                GERARD E. LYNCH,
                      *Circuit Judges.*

_____

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, VALLEY FORGE INSURANCE COMPANY, TRANSPORTATION INSURANCE COMPANY,

                      *Plaintiffs-Appellees*,

         v.                                      15-2248

E. MISHAN & SONS, INC.,

                      *Defendant-Appellant.*

_____

| | |
|---|---|
| FOR APPELLANT: | PATTI M. DEUEL (Howard B. Randell, *on the brief*), Leahy, Eisenberg & Fraenkel, Ltd., Chicago, IL. |
| FOR APPELLEES: | BARRETT ARNOLD BREITUNG, Colliau Carluccio Keener Morrow Peterson & Parsons, Chicago, IL (Lisa Schreiber, Colliau Carluccio Keener Morrow Peterson & Parsons, New York, NY, *on the brief*). |

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the District Court is **REVERSED**.

Defendant-Appellant E. Mishan & Sons, Inc., which does business as Emson, Inc. ("Emson"), appeals from a decision of the United States District Court for the Southern District of New York (Griesa, *J.*). The District Court granted summary judgment to the Plaintiffs-Appellees National Fire Insurance Company of Hartford, Valley Forge Insurance Company, and Transportation Insurance Company (collectively, "Insurers") in their action for a declaratory judgment establishing that, under the terms of applicable insurance policies, they are not required to defend Emson in two underlying lawsuits. We assume the parties' familiarity with the underlying facts, the procedural history, and the

2

issues presented for review, which we reference only as necessary to explain our decision to reverse.

## BACKGROUND

The Insurers provided coverage to Emson under several commercial general liability policies (collectively, the "Policies"). As relevant here, the Policies provided coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies." App'x 64–65. The Policies defined "personal and advertising injury" to include the "[o]ral or written publication, in any manner, of material that violates a person's right of privacy." App'x 72. In addition, the Policies included an exclusion to coverage for personal and advertising injuries for knowing violations of another's rights, defined as "'[p]ersonal and advertising injury' caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" App'x 65.

In 2013, Emson was sued in two class action lawsuits: (1) *Bonnie Daniell v. Sempris, LLC et al.*, No. 2012 CH 44123 (the "*Daniell* suit") and (2) *Eric Herman v. Sempris, LLC et al.*, No. 1:13-cv-0020 (the "*Herman* suit") (collectively, the

3

"underlying lawsuits"). The underlying lawsuits allege that Emson worked with two other companies—Quality Resources, Inc., and Sempris LLC—to deceptively trap customers into recurring credit card charges. At bottom, the underlying lawsuits asserted that Emson acted as a purveyor of data, facilitating "data passes" and transferring private customer information for profit. The *Daniell* plaintiffs asserted four counts against Emson in the Circuit Court of Cook County, Illinois: (1) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS § 505/1 *et seq.*) ("ICFA"), (2) fraud by omission, (3) breach of contract, and (4) unjust enrichment. The *Herman* plaintiffs asserted five counts against Emson in the United States District Court for the Western District of Michigan: (1) violations of the Michigan Consumer Protection Act (M.C.L. §445.903 *et seq.*) ("MCPA"), (2) fraud by omission, (3) breach of contract, (4) unjust enrichment, and (5) violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*) ("TCPA") **[A217]**.

After the underlying lawsuits were initiated, the Insurers filed this action in the District Court below, seeking a declaratory judgment that they are not required to defend Emson in the underlying lawsuits, under the terms of the Policies. The parties cross-moved for summary judgment and the District Court

granted judgment to the Insurers on September 16, 2014. The District Court concluded that "all of the allegations" against Emson in the underlying lawsuits fall into the coverage exclusion for "personal and advertising injury" caused by knowing violations of another's rights. App'x 227. In so concluding, the District Court noted that "it is readily apparent that Emson's alleged conduct was intentional and knowing," as the underlying complaints "allege that Emson intentionally passed along the consumers' private information as part of a scheme to defraud those consumers." App'x 227. On June 10, 2015, the District Court denied Emson's motion to alter or amend the judgment, reiterating that "the factual allegations in the underlying complaints, upon which all the claims against Emson rest, necessarily concern knowing violations." App'x 229–30. Emson appeals, principally arguing that the District Court misapplied the knowing violation exclusion in finding that it relieved Insurers of their duty to defend Emson in the underlying lawsuits.

## DISCUSSION

"We review de novo a district court's ruling on cross-motions for summary judgment, in each case construing the evidence in the light most favorable to the non-moving party." *Ackerson v. City of White Plains*, 702 F.3d 15,

5

19 n.1 (2d Cir. 2012) (per curiam) (internal quotation marks omitted). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Because interpretation of an insurance agreement is a question of law, we review the district court's construction of the Polic[ies] de novo." *VAM Check Cashing Corp. v. Fed. Ins. Co.*, 699 F.3d 727, 729 (2d Cir. 2012).

New York law governs this action. *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1538–39 (2d Cir. 1997) (noting that a federal court sitting in diversity must apply New York choice-of-law principles, including the principle that New York law applies in contract cases where it is the "center of gravity" of the dispute). Under New York law, the Insurers have a "duty to defend," under which they are "obligated to defend the insured until the applicability of the exclusions is determined." *CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*, 720 F.3d 71, 77 (2d Cir. 2013) (alterations and internal quotation marks omitted). "To avoid the duty to defend, an insurer must demonstrate that the allegations of an underlying complaint place that pleading solely and entirely within the exclusions of the policy and that the allegations are subject to no other interpretation." *Id.* (internal quotation marks omitted).

6

The District Court improperly held that the Insurers did not have a duty to defend Emson in the underlying lawsuits pursuant to the knowing violation exclusion. In *CGS Industries*, we considered a claim similar to the one at issue here. Specifically, *CGS Industries* involved an insurance contract covering "advertising injury," which was defined to include "infringement of copyright, title or slogan." *Id.* at 75 (alterations omitted). The policy also included a "knowing violation exclusion" that excluded coverage for advertising injury "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict . . . 'advertising injury.'" *Id.* The action against the insured was for trademark infringement under the Lanham Act; the insurer disclaimed coverage on the theory that the action fell within the knowing violation exclusion to the policy. *Id.* at 75-76, 83. *CGS Industries* rejected the insurer's argument, reasoning:

> An insurer may refuse to defend "only if it could be concluded as a matter of law that there is no possible factual or legal basis on which the insurer might eventually be held to be obligated to indemnify the insured under any provision of the insurance policy." *Servidone Constr. Corp. v. Sec. Ins. Co. of Hartford*, 64 N.Y.2d 419, 424 (1985) (internal quotation marks omitted). "If the allegations of the complaint are even potentially within the language of the insurance policy, there is a duty to defend." *Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 98 N.Y.2d 435, 443 (2002). Therefore, where several claims arise from the same set of facts, if any of the

> claims are covered by the policy, the insurer "consequently has a duty to defend the entire action brought under any of the policies," including the uncovered claims. *Id.* at 445[.]

*Id.* at 82–83 (alterations and parallel citations omitted). Applying that standard, we concluded that the Lanham Act claim against the insured did not, as a matter of law, fall within the knowing violation exception. The Lanham Act does not require willful misconduct, and the complaint's factual allegations did not foreclose the possibility that the insured had inadvertently infringed. At the pleading stage, therefore, it remained possible that the insured would be held liable for a negligent advertising injury covered by the policy. On that basis, we required the insurer to defend the underlying action. *See id.* at 82–83 & n.12.

In keeping with our approach in *CGS Industries*, we consider both the causes of action and the accompanying factual allegations against Emson and conclude that the knowing violation exclusion alone did not absolve the Insurers of their duty to defend. It is true that "[i]n determining whether an insurer is obliged to defend a lawsuit against the insured, we examine the allegations in the complaint filed in that lawsuit." *CGS Industries*, 720 F.3d at 81. Yet the duty to defend exists only "until it is determined *with certainty* that the policy does not provide coverage." *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 620 (2d

8

Cir. 2001). We cannot conclude with certainty that the policy does not provide coverage, because the conduct triggering the knowing violation policy exclusion is not an element of each cause of action. Therefore, Emson could be liable to plaintiffs even absent evidence that it knowingly violated its customers' right to privacy.[1] Furthermore, while the underlying plaintiffs allege generally that Emson acted knowingly and intentionally, the actual conduct described does not rule out the possibility that Emson acted without intent to harm.[2]

The underlying lawsuits both assert claims against Emson for breach of contract and unjust enrichment, neither of which require a showing of

---

[1] A hypothetical serves to illustrate this point. Suppose a plaintiff asserts battery and negligence claims against a defendant who is covered by policies similar to those applicable in this case. Suppose that the plaintiff's complaint contains allegations of the defendant's intentional misconduct and, in the alternative, negligent conduct. In such a case, the insurer would not be relieved of its duty to defend simply because the complaint included allegations of intent, as it cannot be "determined *with certainty* that the policy does not provide coverage." *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 620 (2d Cir. 2001). Rather, the defendant could be held liable for negligence if the factfinder finds the defendant acted only negligently.

[2] In *CGS Industries*, we acknowledged two cases decided by the First Department, which propound a theory that even if a cause of action in a complaint against an insured could be proved by negligence, and thus would not necessarily trigger a knowing violation exclusion, if the actual conduct alleged rules out any workable negligence theory, the policy exclusion applies. *Atlantic Mutual Insurance Co. v. Terk Technologies Corp.*, 763 N.Y.S.2d 56, 64 (1st Dep't 2003); *A.J. Sheepskin & Leather Co. v. Colonia Insurance Co.*, 709 N.Y.S.2d 82, 83 (1st Dep't 2000). While the plaintiffs in the underlying lawsuit assert that Emson acted with knowledge, here, as in *CGS Industries*, the actual conduct alleged does not foreclose the possibility of recovery against Emson on a negligence theory. Therefore, we have no occasion to decide whether the New York Court of Appeals would likely embrace the First Department's approach in those cases.

knowledge or intent. *See Miller-Davis Co. v. Ahrens Const., Inc.*, 495 Mich. 161, 178 (2014) (reciting the elements to establish breach of contract in Michigan); *Smith v. Jones*, 113 Ill. 2d 126, 132 (1986) (reciting the elements for breach of contract in Illinois); *Tkachik v. Mandeville*, 487 Mich. 38, 48 (2010) (reciting the elements of unjust enrichment in Michigan); *People ex rel. Hartigan v. E & E Hauling, Inc.*, 153 Ill. 2d 473, 497 (1992) (reciting the elements of unjust enrichment in Illinois). Accordingly, Emson could be held liable in the underlying lawsuits without a finding that Emson "cause[d]" or "direct[ed]" the injury "with the knowledge that the act would violate the rights of another and would inflict 'personal advertising injury'" as required by the knowing violation exclusion. App'x 65. The District Court erred in ruling otherwise.

Before the District Court below, the Insurers argued that, in addition to the knowing violation exclusion, four additional policy exclusions apply to bar coverage for the underlying lawsuits. One such exclusion provided that the Policies did not provide coverage for personal and advertising injuries for breach of contract, defined as "'[p]ersonal and advertising injury' arising out of a breach of contract, except an implied contract to use another's advertising idea in your 'advertisement.'" App'x 65. We find that this exclusion applies to deny coverage

10

for the breach of contract claims in the underlying actions.  We also find, however, that none of these exclusions applies to bar coverage for the unjust enrichment claims against Emson.  Because this is a case where "several claims arise from the same set of facts," and where at least one "of the claims [is] covered" by the Policies, the Insurers have a duty to defend the entire action brought under any of the Policies, including the uncovered claims.  *CGS Industries*, 720 F.3d at 83 (internal quotation marks omitted).

Accordingly, the judgment of the District Court is REVERSED, and the case is REMANDED with instructions to enter judgment for the defendant.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

